# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| CYNTHIA FAGAN § | |
| § | |
| v. § | CIVIL ACTION NO. 3:20-CV-2868-S |
| § | |
| KROGER TEXAS, L.P. § | |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Plaintiff's Notice of Stipulation and Motion to Remand ("Motion to Remand") [ECF No. 17]. For the reasons below, the Court **GRANTS** the Motion to Remand.

### I.  BACKGROUND

Plaintiff Cynthia Fagan ("Fagan") sued Defendant Kroger Texas, L.P. ("Defendant") in the County Court at Law No. 4 of Dallas County, Texas, to recover for personal injuries in a "slip and fall" case. Pl.'s Original Pet. and Req. for Disclosure ("Petition"), Def.'s Notice of Removal, Ex. 2 [ECF No. 1]. Plaintiff alleges that while shopping at a Kroger store in Dallas, Texas, an "orange liquid" had spilled on the floor outside the cart corral. *Id.* at 2. When Plaintiff attempted to put her cart away, she claims the orange liquid "caused her to slip and fall." *Id.* at 2.

Defendant timely removed and asserts that the Court has subject matter jurisdiction because the parties are diverse and the amount in controversy was alleged to exceed $75,000. *See* Not. of Removal 2. Plaintiff filed the instant Motion to Remand, stipulating that her claims do not exceed $75,000. Mot. to Remand 1. The Motion is ripe and pending before the Court.

### II.  LEGAL STANDARD

Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the district court embracing the place where such action is pending. 28 U.S.C. § 1441(a). Federal courts are courts of limited jurisdiction, possessing only power

authorized by the Constitution or statute. *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation omitted). A federal court must presume that a cause of action lies outside its limited jurisdiction, and the party asserting jurisdiction bears the burden of establishing the contrary. *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 258-59 (5th Cir. 2014) (citation omitted). Because removal raises significant federalism concerns, removal is strictly construed and any doubt about the propriety of removal jurisdiction is resolved in favor of remand. *See Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007) (citations omitted). The two principal bases upon which a district court may exercise removal jurisdiction are: (1) the existence of a federal question, *see* 28 U.S.C. § 1331; and (2) complete diversity of citizenship among the parties, *see* 28 U.S.C. § 1332.

When the suit is removed on the basis of diversity, the removing party must establish by a preponderance of the evidence that: (1) the amount in controversy exceeds $75,000; and (2) all persons on one side of the controversy are citizens of different states than all persons on the other side of the controversy. *Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 293 (5th Cir. 2019) (citation omitted); *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008) (citations omitted) ("The party seeking to assert federal jurisdiction . . . has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists."). Diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court. *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996) (citations omitted).

### III. ANALYSIS

#### A. *Diversity of Citizenship*

According to the Notice of Removal, the parties are diverse because Plaintiff is a Texas citizen and Defendant is an Ohio citizen. Notice of Removal 2. Specifically, Defendant asserts that Plaintiff is a resident, domiciliary, and citizen of Texas, and Defendant is an Ohio citizen

2

because its sole general partner, KRGP Inc., and its sole limited partner, KRLP Inc., are Ohio corporations with their principal places of business in Ohio. *See id.* at 2; *see also Coury*, 85 F.3d at 249 (citation omitted) ("A United States citizen who is domiciled in a state is a citizen of that state."); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citations omitted) (citizenship of a limited partnership is that of each of its partners, and citizenship of a corporation is each state in which it is incorporated and its principal place of business). Plaintiff does not dispute that the parties are diverse. Therefore, the diversity of citizenship requirement is met.

### B. *Amount in Controversy*

In her Petition, which was the operative pleading at the time of removal, Plaintiff states that she seeks monetary relief over $100,000 but not more than $200,000. Pet. 2. After removal, Plaintiff filed the Motion to Remand and stipulated that her claims do not exceed $75,000. Mot. to Remand 1. According to Plaintiff, the Court should remand the case based on Plaintiff's stipulation that the amount in controversy does not exceed $75,000. *Id.* In response, Defendant asserts that Plaintiff's post-removal stipulation does not divest the Court's jurisdiction. Def.'s Resp. to Pl.'s Mot. to Remand ("Response") 3 [ECF No. 19]. Defendant contends that because Plaintiff pleaded a "sum certain" in the Petition above the jurisdictional threshold, that amount controls. Resp. 3 ("It is well-established law that, where (as here), the plaintiff has alleged a sum certain that exceeds the amount in controversy, the amount alleged controls.").

The amount in controversy is determined as of the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (citation omitted). To determine whether the amount in controversy requirement is met, courts first look to whether the plaintiff has alleged a *specific* amount of damages in the petition. *See De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). When the plaintiff has alleged a sum certain that exceeds the requisite amount in controversy, that amount controls if made in good faith. *Allen v. R & H Oil & Gas Co.*, 63 F.3d

1326, 1335 (5th Cir. 1995) (citation omitted). "When the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]."). *Id.* at 1335 (quoting *De Aguilar*, 11 F.3d 55, 58 (5th Cir. 1993)).

This burden can be met in one of two ways. First, the removing defendant's burden is met if it is facially apparent from the petition that a plaintiff's damage claims exceed $75,000. *Id.* (citation omitted). Second, if the facially apparent test is not met, the removing defendant may provide "summary-judgment-type" evidence to demonstrate that the claims exceed the jurisdictional threshold. *Id.* at 1336 (citation omitted). Once a defendant is able to show that the amount in controversy exceeds $75,000, removal is proper unless the plaintiff is able to show that it is "legally certain" the plaintiff's recovery will not exceed the jurisdictional amount. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

Plaintiff stipulates that her "claims do not exceed $75,000" and moves to remand on that basis. Mot. to Remand 1. However, a post-removal stipulation reducing the amount in controversy below the jurisdictional threshold does not necessarily divest the court's jurisdiction. *Gebbia*, 233 F.3d at 883 (citation omitted) ("[I]f it is *facially apparent* from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction.") (emphasis added); *see also St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998) (citations omitted).

Texas Rule of Civil Procedure 47 ("Rule 47") was amended in 2013 to require plaintiffs to categorize their damages within one of five predefined ranges. TEX. R. CIV. PROC. 47 (2013). At

4

the time Plaintiff filed her Petition, Rule 47 required the selection of one of the following categories of monetary relief:[1]

> (1) only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees; or
>
> (2) monetary relief of $100,000 or less and non-monetary relief; or
>
> (3) monetary relief over $100,000 but not more than $200,000; or
>
> (4) monetary relief over $200,000 but not more than $1,000,000; or
>
> (5) monetary relief over $1,000,000;

TEX. R. CIV. PROC. 47(c)(1)-(5) (2020). Plaintiff chose the range set forth in Rule 47(c)(3). Pet. 6 ("Plaintiff seeks monetary relief over $100,000 but not more than $200,000.").

Because Plaintiff alleged a non-specific range of damages, Defendant must prove that the amount in controversy exceeds $75,000 by a preponderance of the evidence. *See, e.g.*, *Plunkett v. Companion & Cas. Ins. Co.*, Civil Action No. 1:15-cv-474, 2016 WL 8931300, at *3 (E.D. Tex. Apr. 8, 2016) (citations omitted) ("In situations where the petition alleges only a range of damages and not a specific amount in controversy, removal is proper if the removing party establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.").

To determine whether Defendant has met its burden, the Court examines the face of the Petition to determine whether the amount in controversy likely exceeds $75,000. *Allen*, 63 F.3d at 1335-36 (citation omitted). In the Petition, Plaintiff claims generally that she injured her arm, back, neck, leg, and left shoulder. Pet. 4. Plaintiff broadly asserts damages for unidentified past and future medical treatment, physical pain, suffering, and mental anguish. *Id.* Based on these allegations, Plaintiff seeks actual damages, special damages, and other relief. *Id.* at 5. The Petition

---

[1] The Rule 47 damage ranges were altered on December 23, 2020, which became effective on January 1, 2021. *See* TEX. R. CIV. PROC. 47 (2021). The Court relies on the version of Rule 47 that was in effect on the date Plaintiff filed the Petition. TEX. R. CIV. PROC. 47 (2020).

provides no further information on the monetary value of Plaintiff's claims—for example, details regarding the alleged injuries, or the type, extent, and cost of medical treatment incurred. Plaintiff's nondescript general allegations do not make it facially apparent that the amount in controversy exceeds $75,000.

The Fifth Circuit has found that the facially apparent test was not met when a plaintiff pled similar non-specific injuries. *Compare Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850-51 (5th Cir. 1999) (finding complaint did not support diversity jurisdiction when plaintiff alleged, with little specificity, damages for a severely injured shoulder, soft-tissue injuries throughout her body, bruises, abrasions, unidentified medical expenses, and her husband alleged loss of consortium), *with Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (affirming district court's finding that claims exceeded $75,000 when plaintiff alleged damages for property, travel expenses, an emergency ambulance trip, a six-day hospital stay, pain and suffering, humiliation, and temporary inability to do housework after hospitalization); *see also Saenz v. Pradad*, EP-16-CV-00509-DCG, 2017 WL 10774807, at *4 (W.D. Tex. Feb. 3, 2017) (citation omitted) (finding plaintiff's nondescript allegations that she "suffered injuries to the head, neck and back; incurred extensive past medical expenses, suffered past physical impairment, suffered past physical pain, and will in reasonable medical probability incur extensive future medical expenses, suffer future physical pain, and future physical impairment" did not support the minimum jurisdictional amount).

As it is not facially apparent from the face of the Petition that the amount in controversy exceeds $75,000, the Court looks to whether Defendant presented any "summary-judgment-type" evidence or any additional information to demonstrate that Plaintiff's claims likely exceed $75,000 in response to the Motion to Remand. *See generally* Resp. The Defendant did not do so.

Therefore, the Court finds that Defendant has not met its burden to establish subject matter jurisdiction by a preponderance of the evidence. Moreover, given binding precedent that removal is to be "strictly construed" and "any doubt about the propriety of removal jurisdiction is resolved in favor of remand," *Gasch*, 491 F.3d at 281-82 (citation omitted), the Court must remand for lack of subject matter jurisdiction.

## IV.     CONCLUSION

For the reasons discussed above, Plaintiff's Notice of Stipulation and Motion to Remand [ECF No. 17] is **GRANTED**. This case is **REMANDED** to the County Court at Law No. 4, Dallas County, Texas, for further proceedings. All other pending motions are **TERMINATED** as moot.

**SO ORDERED.**

SIGNED April 13, 2021.

_____
**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**